**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| U.S. CURRENCY $873.00 AND NUMEROUS PIECES OF JEWELRY WITH AN UNKNOWN VALUE, | ) ) ) ) |
| Defendant. | ) ) |

Case No.: 2:19-cv-00593-GMN-VCF

**ORDER**

On April 29, 2019, the Court issued an Order to Show Cause requiring Plaintiff Las Vegas Metropolitan Police Department ("Plaintiff") to demonstrate why the Court should not remand this action for improper removal and lack of subject matter jurisdiction. (Minute Order, ECF No. 11). On May 13, 2019, the parties filed their respective briefs addressing this issue. (ECF Nos. 15, 16).[1] Upon review, the Court finds that Plaintiff has failed to demonstrate that the Court has subject matter jurisdiction, and therefore the Court remands this action to state court.

## I. BACKGROUND

Plaintiff first filed this action in state court on December 18, 2018, seeking the forfeiture of $873.00 and various pieces of jewelry pursuant to N.R.S. 179.1156, *et seq.*, N.R.S. 453.301(9), and N.R.S. 207.350, *et seq.* (Compl., Ex. A to Pet. of Removal, ECF No. 1-1). On March 21, 2018, Shayan Traders and Najam Ahmad ("Counterclaimants") filed an Answer

---

[1] Also before the Court are Counterclaimants' Motion for Leave to File Supplemental Brief, (ECF No. 17), and Plaintiff's Motion to Strike the supplemental brief, (ECF No. 21). The Court's Order to Show Cause did not permit supplemental briefing nor does the Court find such briefing necessary to resolve its jurisdictional inquiry. The Court therefore denies Counterclaimants' Motion for Leave to File Supplemental Brief. Additionally, the Court denies Plaintiff's Motion to Strike as moot.

claiming an interest in the seized property and asserting a counterclaim for civil rights violations under 42 U.S.C. § 1983. (Answer, Ex. D to Pet. of Removal, ECF No. 1-4). Based on this counterclaim, Plaintiff removed the action to this Court under 28 U.S.C. § 1331, asserting federal question jurisdiction. (Pet. of Removal, ECF No. 1).

## II. <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In evaluating jurisdiction, the defendant has the burden of overcoming the "strong presumption" against removal. *Gaus*, 980 F.2d at 566.

Under 28 U.S.C. § 1331, a federal district court has original jurisdiction over all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may not be removed to federal court on the basis of a federal defense." *Id.* at 393.

## III. <u>DISCUSSION</u>

### A) Removal Jurisdiction

In the Order to Show Cause, the Court raised two concerns regarding the propriety of removal. First, the Court noted that a counterclaim cannot serve as the basis for federal

question jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Second, the Court noted that the plaintiff in an underlying state action cannot serve as the removing party. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941); *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) ("No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court.").

In its Response, Plaintiff asserts that the Court nonetheless has jurisdiction because the counterclaim constitutes an independent cause of action from the state forfeiture complaint and therefore was improperly raised as a "counterclaim." (Pl.'s Resp. 2:3–18, ECF No. 16). Specifically, Plaintiff asserts that "Nevada law does not permit the claimant to assert a claim against the government entity" in a civil forfeiture proceeding. (*Id.* 3:13–16). Under this premise, Plaintiff argues that the Court should construe the counterclaim as a separate federal action and exercise supplemental jurisdiction over the forfeiture proceeding. (*Id.* 5:5–22). Alternatively, Plaintiff argues the Court should bifurcate the action, remanding the forfeiture claim and retaining jurisdiction over the counterclaim. (*Id.* 5:23–26).

In raising these arguments, Plaintiff fails to provide any authority showing that the Court has jurisdiction to evaluate whether the counterclaim is properly raised in the underlying forfeiture action. Moreover, even assuming *arguendo* that the counterclaim is improperly raised, Plaintiff provides no authority demonstrating that it is procedurally permissible for Plaintiff to remove the case on this basis. To the contrary, accepting Plaintiff's theory as true, the recourse would be to dismiss the counterclaim, rather than finding that it creates federal subject matter jurisdiction. The Court therefore finds no reason to depart from the well-settled principles regarding removal jurisdiction. *See Caterpillar Inc.*, 482 U.S. at 392 (1987). As Plaintiff has failed to overcome the "strong presumption" against removal, the Court remands this case. *See Gaus*, 980 F.2d at 566.

**B) Request for Fees and Costs**

Counterclaimants request that the Court order fees and costs incurred due to Plaintiff's improper removal. (Counterclaimants' Resp. 4:22–5:3, ECF No. 15). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In this case, the Court raised the jurisdictional question *sua sponte*, and Counterclaimants were not required to respond to the Order to Show Cause. The Court therefore declines to award fees and costs.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**IT IS FURTHER ORDERED** that Counterclaimants' Motion for Leave to File Supplemental Brief, (ECF No. 17), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 21), is **DENIED as moot**.

The Clerk of Court is instructed to close the case.

**DATED** this __24__ day of May, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court